```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

PABLO CRUZ,

                    Plaintiff,

vs.                              Case No.  2:04-cv-532-FtM-29SPC

DR. KEN HOFFERT, J. MCCARDEL, H.S.A.
and J.R. DOUBERLEY, Warden,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Hoffert's Motion for Summary Judgment(Doc. #65), filed January 13, 2006. Plaintiff has filed a Response in Opposition and Affidavit in Response to Defendant's Motion (Doc. #78) on May 26, 2006. This matter is now ripe for review.

**I.**

Plaintiff initiated this action on October 29, 2004, by filing a civil rights complaint (Doc. #1) while he was being held at Moore Haven Correctional Facility ("MHCF"), a Florida state penal facility. Plaintiff's Complaint was amended as set forth in the Court's January 19, 2005 Order (Doc. #20). Plaintiff's Complaint alleges an Eighth Amendment violation stemming from the denial of proper dental care and treatment while Plaintiff was held at MHCF. Plaintiff seeks only injunctive relief for his claim. Specifically, Plaintiff seeks that the Defendants "in MHCF" be ordered to provide Plaintiff "proper dental care and treatment and

fix [Plaintiff's] teeth." Complaint, pages 7, 8, 9, 10, 11, 13 and 16.

On April 4, 2005, Plaintiff filed a temporary notice of change of address with the Court advising the Court that he was taken into custody by the U.S. Marshal (Doc. #34) and was transferred to Lee County Jail in Fort Myers, Florida.  On June 10, 2005 Plaintiff filed a Notice of Change of Address with the Court advising the Court that Plaintiff was transferred to the Federal Correctional Institute in Miami, Florida (Doc. #36).  Based upon a review of the docket, Plaintiff currently now is incarcerated at Federal Correctional Institute located in Salters, South Carolina.

**II.**

Federal courts are required to dismiss a case where the court lacks subject matter jurisdiction and can *sua sponte* raise the jurisdictional deficiency. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).  The fact that the court lacks jurisdiction may be raised at any time during the case. Id.

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. CONST. art. III.  Mootness can occur due to a change in circumstances or a change in law. Coral Springs Street Sys., Inc. V. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004).  A case is also moot when the issue presented is no longer live, the parties lack

a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. <u>Troiano v. Supervisor of Elections in Palm Beach County, Fla.</u>, 382 F.3d. 1276 (11th Cir. 2004); <u>Christian Coalition of Ala. v. Cole</u>, 355 F. 3d 1288 (11th Cir. 2004); <u>Crown Media LLC v. Gwinnett County, GA</u>, 380 F.3d. 1317 (11th Cir. 2004).  Dismissal is not discretionary but "is required because mootness is jurisdictional.  Any decision on the merits would be an impermissible advisory opinion." <u>Troiano</u>, <u>Id.</u> (citing <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).  As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 68 n.22 (1997) (citations omitted).  The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. <u>Spears v. Thigpen</u>, 836 F.2d 1327 (11th Cir. 1988).  <u>See</u> <u>also</u> <u>Green v. Branson</u>, 108 F.3d 1296 (10th Cir. 1997); <u>Daring v. Cancel</u>, 783 F.2d 874 (9th Cir. 1986); <u>Stewart v. McGinnis</u>, 800 F. Supp. 604 (N.D. Ill. 1992), <u>aff'd</u>, 5 F.3d 1031 (7th Cir. 1993).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." <u>De La Teja v. United States</u>, 321 F.3d 1357 (11th Cir. 2003); <u>Brooks v. Georgia State Bd. Of Elections</u>, 59 F.3d 1114 (11th Cir. 1995).

Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the **same complaining party would be subjected to the same action again**. Christian Coalition of Ala. v. Cole, 355 F. 3d 1288, 1293 (11th Cir. 2004) (emphasis added). A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002)(quotations omitted).

### III.

It is undisputed that Plaintiff is no longer confined at MHCF. Thus, any form of injunctive relief requested by Plaintiff would be meaningless at this time. The Court finds that Plaintiff's transfer from MHCF moots Plaintiff's claims for injunctive relief; and thus, Plaintiff lacks standing to proceed in his claim before this Court. Koziara v. City of Casselberry, 392 F.3d 1302 (11th Cir. 2004).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED without prejudice**.

2.   Defendant Hoffert's Motion for Summary Judgment(Doc. #65) is **DENIED as moot**.

   3.   The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

   **DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of August, 2006.

                                        _____
                                        JOHN E. STEELE
                                        United States District Judge


SA:   hmk
Copies: All Parties of Record