UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO CRUZ,

        Plaintiff,

vs.	Case No. 2:04-cv-532-FtM-29SPC

DR. KEN HOFFERT, J. MCCARDEL, H.S.A.
and J.R. DOUBERLEY, Warden,

        Defendants.
_____

**ORDER**

This matter comes before the Court upon review of Plaintiff's Motion for Reconsideration (Doc. #81), filed August 18, 2006, and Defendant's Response to the Motion (Doc. #82). Additionally, Plaintiff filed a Motion for Status of Case (Doc. #83).

A motion of reconsideration filed within ten (10) days of the judgment it seeks to reopen is properly designated as filed pursuant to Fed. R. Civ. P. 59(e). Mahone v. Ray, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003). Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238 F. Supp. 2d 1325 (S.D. Fla. 2002); Offices Togolais Des Phosphates

v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999). A Rule 59 motion is not intended as a vehicle to relitigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757 (11th Cir. 2005).

On August 4, 2006, the Court dismissed Plaintiff's civil rights Complaint and Judgment was entered on August 7, 2006. The Court dismissed the Complaint on grounds that it lacked subject matter jurisdiction because Plaintiff sought only injunctive relief for the alleged denial of dental care and was no longer incarcerated at Moore Haven Correctional Institute, which was the facility mentioned in the Complaint. In Plaintiff's Motion for Reconsideration, Plaintiff states that the Court erroneously dismissed his Complaint because he was seeking injunctive relief and monetary damages. Defendant's Response indicates that throughout the Complaint Plaintiff requests injunctive relief for the dental claim. The Court finds Plaintiff has failed to demonstrate grounds for reconsideration or modification of the Court's August 4, 2006 Order of Dismissal.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. #81) is **DENIED**.

2.   Plaintiff's Motion for Status of Case (Doc. #83) is **GRANTED** to the extent that a status is provided herein.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of September, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record